# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:09-cv-00257-W

| | |
|---|---|
| VICTOR B. WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MR. SMEREKA, MR. TAYLOR, MR. ) | ORDER |
| MOSS, MS. SARGENT, MS. SMITH, ) | |
| MR. PAULAK, MS. CHILDS, MS. ) | |
| TIMMER, MS. SERGEANT, and ) | |
| CITY OF CHARLOTTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant City of Charlotte's Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (Doc. No. 50) pursuant to Fed. R. Civ. P. 12(b)(6). The motion has been fully briefed by the parties. For the reasons that follow, Defendant City of Charlotte's Motion is GRANTED.

Additionally before the Court is Defendant Anthony Smereka's Motion to Dismiss for Lack of Service of Process pursuant to Fed. R. Civ. P. 12(b)(5) and Failure to State a Claim Upon Which Relief May be Granted pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. No. 47). This motion has also been fully briefed by the parties. For the reasons that follow, Defendant Anthony Smereka's Motion to Dismiss is GRANTED in part and DENIED in part.

Both Defendants, City of Charlotte and Anthony Smereka, originally filed Motions to Dismiss Plaintiff's initial Complaint (Docs. Nos. 28, 40). Subsequently, Plaintiff amended his Complaint and Defendants properly re-filed their Motions to Dismiss. The original Motions to Dismiss are superceded by Plaintiff's Amended Complaint and are hereby DENIED as moot.

Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); Turner v. Kight, 192 F. Supp. 2d 391, 397 (D. Md. 2002) (denying as moot motion to dismiss original complaint on grounds that amended complaint superseded original complaint).

## BACKGROUND

This is a *pro se* suit brought by Victor B. White ("Plaintiff") under 42 U.S.C. § 1983 for alleged violations of his civil rights arising out of a stop, search, and seizure by Charlotte-Mecklenburg Police Department Officer Anthony Smereka ("Smereka") on January 18, 2009. On the night in question, Plaintiff was driving in the vicinity of Harris Boulevard and Albermarle Road in Charlotte, North Carolina, when Smereka stopped him for a routine traffic infraction. Plaintiff was driving on the lines, and Smereka suspected him of driving under the influence. Smereka demanded Plaintiff's driver's license and asked him to exit the vehicle. Plaintiff refused and explained he would "feel more comfortable" driving to the police station. After failing to comply with Smereka's demands, Plaintiff drove away from the scene. Smereka, along with five other police officers, pursued Plaintiff to the intersection of Idlewild Road and Independence Boulevard where he was stopped by a red light. At that point, Smereka walked up to Plaintiff's vehicle, used a flashlight to knock out the driver's side window, ejected him, and handcuffed him. After Plaintiff was placed under arrest for failing to heed sirens, police searched his vehicle.

Plaintiff alleges § 1983 violations against the City of Charlotte ("City") and Smereka, under the Fourth and Fourteenth Amendments, that: (1) he was stopped and arrested without probable cause, (2) he was subjected to excessive force when being placed under arrest, and (3) his vehicle was unlawfully searched after his arrest. The City is the municipal employer of Smereka who conducted the traffic stop, search, and arrest of Plaintiff. The Court will address the City and Smereka's separate Motions to Dismiss in turn.

**ANALYSIS OF DEFENDANT CITY OF CHARLOTTE'S 12(b)(6) MOTION**

The substance of Plaintiff's claims against the City alleges that it is vicariously liable for the actions of Smereka. The City argues that Plaintiff may not assert a claim under § 1983 against a municipality based solely on the doctrine of *respondeat superior*. The Court agrees. A plaintiff seeking to impose liability on a municipality for the constitutional torts of its employees under § 1983 must prove that some municipal "policy" or "custom" caused a deprivation of the plaintiff's rights. Monell v. Dep't. of Soc. Servs., 436 U.S. 658, 694 (1978). The Fourth Circuit has long recognized Monell and its progeny requiring a § 1983 plaintiff to adequately plead and prove the existence of an official policy or custom that proximately caused deprivation of their rights. Jordan by Jordan v. Jackson, 15 F.3d 333, 338 (4th Cir. 1994). Furthermore, the identification of a specific municipal policy or custom is a threshold requirement. See Semple v. City of Moundsville, 195 F.3d 708, 712 (4th Cir. 1999).

In this case, Plaintiff has failed to make an allegation that the City caused a deprivation of his civil rights through a municipal policy or custom. Plaintiff argues that the police officer's actions were "misconduct" inconsistent with the City's established policies. However, Plaintiff has not alleged that this "misconduct" was widespread over a period of time. A singular incident of unconstitutional activity is not sufficient to impose liability on a municipality unless the conduct was caused by an existing unconstitutional policy or custom. See Oklahoma City v. Tuttle, 471 U.S. 808, 823-24 (1985); Spell v. McDaniel, 824 F.2d 1380, 1385 (4th Cir. 1987). Even if the Court concludes that Smereka acted inappropriately, the City will not be held liable since Plaintiff has only alleged a singular instance of misconduct.

Plaintiff also alleges "government tyranny," which purports to raise the plausibility that an unconstitutional municipal custom exists. However, for the custom to be attributed to the

municipality, the municipality's policy-makers must have in some way given their tacit approval to the custom. Spell, 824 F.2d at 1388. Plaintiff's far-fetched allegation accuses the City of tyrannical custom by acquiescing to the doctrine of qualified immunity for public officials. Since the City does not control the applicability of immunity doctrines under § 1983, those doctrines are not fairly attributable to the City. Thus, Plaintiff has failed to meet the threshold requirement of alleging an unconstitutional municipal policy or custom and the City's Motion to Dismiss is GRANTED. Consequently, the Court need not address Defendant's alternative argument raising the issue of whether the Plaintiff was actually injured.

## ANALYSIS OF DEFENDANT SMEREKA'S 12(b)(5) MOTION

Smereka claims Plaintiff's suit should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) because he was not properly served notice of the summons and complaint. Service of process upon an individual may be made by following any one of the well-known methods authorized by Rule 4. Delivery may be made to an agent authorized by appointment or by law to receive service of process for the defendant. Fed. R. Civ. P. 4(e)(2). In the present case, Plaintiff sent, by certified mail, a copy of the summons addressed "FNU Smereka" to be served at "Charlotte Mecklenburg Police Court Liason, c/o Beth Caudle, 832 East Fourth Street, Suite 4520, Charlotte, NC 28202." Problematically, Smereka alleges that he does not work or reside at 832 East Fourth Street, and Beth Caudle is not an authorized agent to accept service on his behalf (Doc. No. 48, Exhibit 1).

With that said, Smereka filed a Motion for Extension of Time to File an Answer pursuant to Fed. R. Civ. P. 6(b) prior to his recent Motion to Dismiss (Doc. No. 22). Furthermore, in his previous motion, Smereka conceded that he had been "served" by Plaintiff on August 28, 2009. (Doc. No. 22, ¶ 2). This raises a question as to whether Smereka waived his 12(b)(5) defense. Fed. R. Civ. P. 12(h) states that a 12(b)(5) defense is waived if a defendant fails to include it in a "Rule

12 motion" or "responsive pleading." Indeed, a motion to extend time will not waive an insufficient service of process defense, since it is not a Rule 12 motion or responsive pleading. See also Xyrous Commc'ns, LLC v. Bulgarian Telecomms. Co., No. 1:09-cv-396, 2009 WL 2877084, at *8 (E.D. Va. Sept. 04, 2009). However, Smereka has not demonstrated that his haphazard concession of service was excusable neglect. Presumably, Smereka's attorney filed a boilerplate motion for extension of time, which included an express concession of service. Clients will be held accountable for the procedural gaffes performed by their chosen counsel. Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 405-06 (1993). Therefore, the Court finds that Smereka's insufficient service of process defense was waived, and Smereka's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) is DENIED.

## ANALYSIS OF DEFENDANT SMEREKA'S 12(b)(6) MOTION

In order to survive a 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plaintiff alleges that Smereka violated his civil rights by initiating an unlawful traffic stop. Because Plaintiff is proceeding *pro se* and because it is unclear in the Amended Complaint, the Court will presume that he intended to sue Smereka in both his individual and official capacities. See Estelle v. Gamble, 429 U.S. 97, 106 (1976) (holding that *pro se* litigants are held to "less stringent standards" in their pleadings). To the extent Plaintiff has asserted a claim against Smereka in his individual capacity, Smereka is entitled to qualified immunity. A government official is entitled to qualified immunity from civil liability when his "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Aside from an alleged unlawful vehicle

search, Plaintiff has failed to identify the violation of a clearly established constitutional right, as further explained below.

Plaintiff specifically alleges that Smereka violated his Fourth Amendment rights by conducting an unlawful traffic stop, which also tainted the subsequent arrest. The pleadings indicate that Plaintiff was stopped for crossing lines in the road. Accordingly, Smereka had probable cause to believe Plaintiff had committed a misdemeanor traffic infraction. Maryland v. Pringle, 540 U.S. 366, 370 (2009). Smereka's actual motivation may not be challenged because courts will not inquire into the pre-textual reasons for the traffic stop. Whren v. United States, 517 U.S. 806, 813-14 (1996). When a vehicle is detained for a traffic violation, the police may order the driver out of the vehicle without violating his Fourth Amendment rights. Ohio v. Robinette, 519 U.S. 33, 38-39 (1996). Furthermore, an officer has probable cause to arrest an individual suspected of violating a minor traffic ordinance. Atwater v. City of Lago Vista, 532 U.S. 318, 354 (2001). Therefore, the first part of Plaintiff's claim fails as a matter of law because Smereka's traffic stop and arrest of Plaintiff were lawful.

Plaintiff also alleges that he was subjected to excessive force when he was ejected from the vehicle. However, Plaintiff does not specifically allege any physical injury proximately caused by Smereka when he was ejected. Even minor injuries are considered *de minimus* and will not support an excessive force claim. See e.g. Draper v. Reynolds, 369 F.3d 1270, 1278 (11th Cir.2004) (holding that single use of a taser gun was not excessive where Plaintiff suffered no serious injury and such force was deemed reasonably proportionate to calm a belligerent plaintiff during a traffic stop). Qualified immunity shields officer conduct that is legitimately related to the object of a lawful arrest. Harlow v. Fitzgerald, 457 U.S. 800, 817-18 (1982); County of Sacramento v. Lewis, 523 U.S. 833, 834 (1998). Plaintiff refused to exit the vehicle and fled police, which left Smereka

with no option but to use physical force to execute the arrest. Therefore, Plaintiff's excessive force claim fails as a matter of law.

Finally, Plaintiff alleges that Smereka and fellow police officers unlawfully searched his vehicle. However, any subsequent search of Plaintiff's person and vehicle *may* qualify as a lawful search incident to arrest. New York v. Belton, 453 U.S. 454, 460 (1981); Arizona v. Gant, 129 S. Ct. 1710, 1723-24 (2009) (limiting the Belton rule to vehicle searches where the arrestee is unrestrained within reaching distance of the passenger compartment). The Supreme Court's recent decision in Gant also permits police to search vehicles to gather evidence related to the arrestable offense. 129 S. Ct. at 1725 (Scalia, J., concurring). In this case, Plaintiff was immediately handcuffed and arrested for a minor traffic infraction and failing to head sirens. Since there is no relevant physical evidence related to these offenses, Smereka exceeded the scope of the search incident to arrest when he searched Plaintiff's vehicle after he was detained. Therefore, Plaintiff has stated a claim that his Fourth Amendment rights were violated with regards to the search of his car conducted by Smereka.

With that said, Plaintiff does not allege an injury, recoverable under § 1983, proximately caused by the constitutional violation. Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy, including damages for physical injury, property damage, injury to reputation, and so forth. Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2000). In the present case, Plaintiff has not alleged any physical injury or property damage resulting from the vehicle search. The property damage to Plaintiff's driver side window was a consequence of the arrest, which was lawfully executed. Furthermore, any harm to Plaintiff's reputation is *de minimus* under the alleged facts.

## CONCLUSION

Accordingly, as a matter of law, Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff has failed to plead an unconstitutional policy or custom perpetrated by the City. Therefore, the City is shielded from liability by qualified immunity; its Motion to Dismiss (Doc. No. 50) pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED.

Furthermore, Plaintiff has not alleged a sufficient injury to support his § 1983 claim against Smereka. Therefore, that portion of Smereka's Motion to Dismiss (Doc. No. 47) pursuant to Fed. R. Civ. P. 12(b)(6) is GRANTED, while that portion of Smereka's Motion to Dismiss (Doc. No. 47) pursuant to Fed. R. Civ. P. 12(b)(5) is DENIED.

IT IS SO ORDERED.

Signed: June 14, 2010

Frank D. Whitney
United States District Judge